UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD L. QUINN, JR.,**

    **Plaintiff,**

    v.

    Civil Action 2:11-cv-00268
    Judge James L. Graham
    Magistrate Judge E.A. Preston Deavers

**ROBIN KNAB, WARDEN, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Richard L. Quinn, Jr., an inmate in the custody of the Chillicothe Correctional Institution ("CCI") who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, alleging that Defendants impeded his ability to exercise his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, and the Equal Protection Clause.[1]  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for a Temporary Restraining Order.  (ECF No. 13.)  For the reasons stated below, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

---

[1]Plaintiff names in his Complaint the following Defendants: Robin Knab, CCI Warden; Mr. Robinson, CCI Deputy Warden Special services; Mr. Free, CCI Institutional Inspector; and Gary Mohr, CCI Director of Ohio Department of Corrections.

**I.**

Plaintiff's claims arise from Defendants' alleged denial of his requests to practice his religion. Accordingly to his Complaint, Plaintiff requested a religious Accommodation on December, 20, 2010. More specifically, he asked to take "a Vow of a Nazarite." (Compl. ¶ 6, ECF No. 12.) Defendants denied his requests and his appeals.

On April 26, 2010, Plaintiff filed the subject Motion for a Temporary Restraining Order. (ECF No. 13.) In his Motion, Plaintiff states that he is unable to practice his religion, causing irreparable injury. He asks the Court to "have him removed from the custody of the Defendant." (*Id*. at 1.)

**II.**

Plaintiff requests a temporary restraining order. Federal Rule of Civil Procedure 65(b) permits a party to seek a restraining order when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(b).

A district court considering the extraordinary remedy of a temporary restraining order or a preliminary injunction must consider and balance the following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others;
> and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted);

*see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

A movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

### III.

After consideration of the four factors, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Instead, he simply states that he "is unable to practice his religion." (Pl.'s Mot. 1, ECF No. 13.) Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence. Additionally, issuance of the requested injunction, which involves removal of Plaintiff from Defendants' custody, would require CCI and others to take significant affirmative action beyond the maintenance of the status quo. Finally, given that Plaintiff has failed to demonstrate a likelihood of success on the merits and granting the injunction would necessarily disrupt CCI's administration of prison matters, the undersigned finds that the final factor militates against

issuing the requested injunctive relief.  *See Glover v. Johnson*, 855 F.2d 277, 286–87 (6th Cir. 1988) (counseling against court intrusion into the affairs of a state penal institution in the absence of the most compelling situations, such as a showing of a violation of constitutional rights).

## IV.

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order.  (ECF No. 13.)

### V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: May 2, 2011                                        /s/ *Elizabeth A. Preston Deavers*
                                                        Elizabeth A. Preston Deavers
                                                        United States Magistrate Judge