UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD L. QUINN, JR.,

    Plaintiff,

    v.

              Civil Action 2:11-cv-268
              Judge James L. Graham
              Magistrate Judge Elizabeth P. Deavers

ROBIN KNAB, WARDEN, et al.,

    Defendants.

## OPINION AND ORDER

      Plaintiff, Richard L. Quinn, Jr., an inmate in the custody of the Chillicothe Correctional Institution ("CCI") who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, alleging that Defendants impeded his ability to exercise his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment.  This matter is before the Court for consideration of the January 18, 2013 Report and Recommendation of the United States Magistrate Judge (ECF No. 48) and Defendants' Objections to the Report and Recommendation (ECF No. 51).

      Defendants timely filed their objections to the Report and Recommendation under Federal Rule of Civil Procedure 72(b).  If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the Magistrate Judge recommended that the Court deny Defendants' First Motion for Summary Judgment. In their First Motion for Summary Judgment, Defendants ask the Court to dismiss Plaintiff's remaining claims on the grounds that he had failed to properly exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), prior to bringing suit. Within the Report and Recommendation, the Magistrate Judge correctly sets forth the standards governing summary judgment decisions under Federal Rule of Civil Procedure 56; the PLRA's exhaustion requirements; and Ohio's grievance procedure for inmates seeking religious accommodations. (*See* Jan. 18, 2013 Report and Rec. 4–9, ECF No. 57.) The Court incorporates by reference the Magistrate Judge's recitation and discussion of the standards for consideration of motions for summary judgment, the PLRA's exhaustion requirements, and Ohio's grievance procedure as it relates to inmates seeking religious accommodations.

In concluding that Defendants are not entitled to summary judgment on exhaustion grounds, the Magistrate Judge reasoned as follows:

> The Undersigned concludes that Defendants have not satisfied their initial burden to show that Plaintiff failed to fully exhaust his administrative remedies. Defendants argue that Plaintiff's efforts were insufficient because he "failed to submit the proper form and proper documentation to effectuate an appeal of the January 25, 2011 denial of his December 20, 2012 request." (Defs.' Mot. 6, ECF No. 43.) Defendants maintain that Plaintiff's [February 24, 2011] attempted appeal/objection was deficient because it was untimely and submitted on the wrong form.
>
> The flaw in Defendants' position is that under ODRC Policy Number 72-REG-02, CCI's Warden did not have authority to issue a final, appealable decision. This is because Plaintiff's religious accommodation, if granted, would require the creation of a special diet and the recognition of a religious holiday. Indeed, his

issuance of a final decision disapproving Plaintiff's request on January 25, 2011, violated ODRC Policy Number 72-REG-02(H)(10). (*See* Form DRC4327, ECF No. 43-1 (marking the box labeled "Disapproved" instead of the box labeled "Refer to Reg. Religious Services Admin.").) CCI's Warden should have forwarded his response (Form DRC4327) and all accompanying materials to the Religious Services Administrator for a final decision. Upon receiving the CCI's Warden's decision (as reflected on Form DRC4327 and accompanying materials) on January 26, 2011, the Religious Services Administrator took no action to remedy the CCI's Warden's violation of policy. Nor did the Religious Services Administrator take action upon receipt of Plaintiff's February 24, 2011 attempted appeal/objection wherein he specifically complained that ODRC Policy Number 72-REG-02 was not followed. (*See* Feb. 24, 2011 Appeal/Objection, ECF No. 43-1.)

Plaintiff, in properly filling out the requisite Request for Religious Accommodation form (Form DRC4326) and submitting it to the chaplain, satisfied his obligations under ODRC Policy Number 72-REG-02. Plaintiff was entitled to interpret the Religious Services Administrator's failure to remedy the policy deviations and issue a final decision to be a denial of his request. *See Risher v. Lappin*, 639 F.3d 236, 240–41 (6th Cir. 2011) (holding that the inmate "was entitled to consider the absence of a response to be a denial" of his grievance, explaining that the inmate "was not required to make additional efforts beyond the scope of the Bureau's regulations" where the prison staff had failed to follow its own procedures); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (concluding that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance); *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 1337155, at *10 (S.D. Ohio Apr. 6, 2011) (denying the defendants' motion for summary judgment on the grounds of exhaustion where the plaintiff submitted evidence indicating that the defendants had failed to timely respond to his complaints); *Nassar v. Warden, Butler Cnty. Jail*, No. 1:10-cv-031, 2011 WL 7268004, at *5 (S.D. Ohio Sept. 1, 2011) (denying the defendants' motion for summary judgment on the grounds of exhaustion where the defendants failed to offer evidence that the jail officials "properly responded to [the] plaintiff's grievances in accordance with their own policy"). As the Court of Appeals noted in *Risher*: "When *pro se* inmates are required to follow agency procedures to the letter in order to preserve their federal claims, we see no reason to exempt the agency from similar compliance with its own rules." 639 F.3d at 241.

In sum, Defendants have failed to demonstrate that Plaintiff's efforts were insufficient to exhaust his administrative remedies with regards to his request for a religious accommodation. Because Defendants have failed to satisfy their burden, the Undersigned recommends that their Motion be denied.

(*Id*. at 9–11.)

Defendants object to the Report and Recommendation on two grounds. Defendants first

3

assert that the Magistrate Judge was mistaken in determining that the Warden's issuance of a final decision was a deviation from the Ohio Department of Rehabilitation and Correction's ("ODRC") Policy. Second, Defendants posit that the Magistrate Judge is "mistaken regarding her finding that the Religious Service Administrator took no action upon receipt of Plaintiff's February 24, 2011 'complaint.'" (Defs.' Obj. 2, ECF No. 51.) The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and concludes that both of these objections lack merit.

Resolution of Defendants' first objection turns on whether or not the Magistrate Judge erred in concluding that "under ODRC Policy Number 72-REG-02, CCI's Warden did not have authority to issue a final, appealable decision." (Jan. 18, 2013 Report and Rec. 4–9, ECF No. 57.) In support of their contention that the Warden retained the discretion to render a final, appealable decision, Defendants rely upon ODRC Policy Number 72-REG-02(H)(1-3). In pertinent part, this Section provides as follows:

> The following matters shall be referred to the Religious Services Administrator:
>
> 1. New dietary requests: Requests that would require the creation of a special diet, a religious "feast" menu, or that would require the purchase of special foods (e.g. kosher, halal, etc.) not currently offered, or which would expand access to such diets to different or additional religious groups must be referred to the Religious Services Administrator for final decision. Decisions to accommodate an individual inmate with existing dietary options (e.g. meatless diet, etc.) can be made at the institution.
>
> \* \* \*
>
> 3. The recognition of any religious holiday not previously observed or recognized.

ODRC Policy Number 72-REG-02(H)(1-3). Citing Subsection (H)(1)'s exception for "existing dietary options," Defendants submit that the Warden retained discretion because Plaintiff

4

requested a vegetarian diet.  Conversely, the Magistrate Judge found that Subsections (H)(1) and (H)(3) mandated referral of Plaintiff's grievance to the Religious Services Administrator.  The Magistrate Judge reasoned that Plaintiff's religious accommodation, if granted, would require the creation of a special diet and the recognition of a religious holiday.  In making this finding, Magistrate Judge considered Plaintiff's December 20, 2010 Request for Religious Accommodation, specifically discussing Plaintiff's requests relating to his diet and recognition of religious holidays as follows:

> Plaintiff's requested accommodation includes the following dietary restrictions: no "wine or vinegar of the grape or vine"; no "unclean foods, strong drink, or things of the vine"; no consumption of "[a]nything that chews cud but divide not the hoof"; no "[s]wine - Jellotin-based products, no lard-butter product"; "all medication [must be administered in] tablet form or Kosher cups"; no consumption of animals with scales or fins; and no "animal-based oil, fungus, spores, and the like."  [(Compl. 14–18, ECF No. 5.)]  He also requests to "celebrate the festival of Yahvah," which he indicates begins "on the fifteenth day of the seventh month" and includes "sacred rest" on the first and eighth day of the celebration. (*Id.* at 16.)

(Jan. 18, 2013 Report and Rec. 2, ECF No. 57.)

The Court finds no error with the Magistrate Judge's finding.  Review of Plaintiff's Request for Religious Accommodation, in which he seeks a dietary accommodation to exclude grapes or other "things of the vine," reveals that he is not simply seeking a vegetarian diet.  (*Id.*).  Thus, the exception within ODRC Policy Number 72-REG-02(H)(1) upon which Defendants rely is inapplicable.  Regardless, as the Magistrate Judge correctly found, Plaintiff's request to recognize a religious holiday, namely, the festival of Yahvah, falls within the ambit of ODRC Policy Number 72-REG-02(H)(3) such that the Religious Services Administrator, not the Warden, must render the final decision.  Plaintiff's first objection is, therefore, overruled.

Defendants' second objection is equally unavailing.  Defendants challenge the Magistrate

Judge's finding that the Religious Services Administrator did not take action upon receipt of Plaintiff's February 24, 2011 attempted appeal/objection. Defendants point out that the Religious Services Administrator directed Plaintiff to submit a particular appeal form and attachments. In making this argument, Defendants have mischaracterized the Magistrate Judge's findings and the significance of those findings. As explained above, because Plaintiff's requested accommodations fell within the scope of ODRC Policy Number 72-REG-02(H)(1) and (3), the Religious Services Administrator was required to render a final decision with regards to his December 20, 2010 Request for Religious Accommodation. The record evidence demonstrates that the Religious Services Administrator failed to do so, which was likely due to the Warden and Chaplain's deviations from policy. In Plaintiff's February 24, 2011 attempted appeal/objection and the accompanying correspondence, Plaintiff alerted the Religious Services Administrator that the Warden and Chaplain failed to adhere to ODRC Policy Number 72-REG-02 with regards to his December 20, 2010 Request for Religious Accommodation. After noting that the Religious Services Administrator took no action to remedy the violation of policy upon receipt of the Warden's decision on January 26, 2011, the Magistrate Judge then stated, "[n]or did the Religious Services Administrator take action upon receipt of Plaintiff's February 24, 2011 attempted appeal/objection wherein he specifically complained that ODRC Policy Number 72-REG-02 was not followed." (Jan. 18, 2013 Report and Rec. 9, ECF No. 57 (citing Feb. 24, 2011 Appeal/Objection, ECF No. 43-1).) The Magistrate Judge went on to conclude that "Plaintiff was entitled to interpret the Religious Services Administrator's failure to remedy the policy deviations and issue a final decision to be a denial of his request." (*Id*.) Thus, contrary to Plaintiff's assertion, the Magistrate Judge did not find that the Religious Services Administrator had failed to issue a response. Rather, the Magistrate Judge stated, explicitly, that the Religious

6

Services Administrator failed to remedy the policy deviations and issue a final decision even after Plaintiff specifically alerted him to the deviations.  Defendants have offered no evidence that would undermine the Magistrate Judge's finding that the Religious Services Administrator failed to render a final decision concerning Plaintiff's December 20, 2010 Request for Religious Accommodation.  Plaintiff's second objection is, therefore, overruled.

In sum, the Court has reviewed the Report and Recommendation and Defendants' Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and concludes that Plaintiff's objections lack merit.  Accordingly, Defendants' Objections (ECF No. 51) are **OVERRULED**; the January 18, 2013 Report and Recommendation (ECF No. 48) is **ADOPTED**; and Defendants' First Motion for Summary Judgment (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**

S/ James L. Graham
James L. Graham
United States District Judge

Date: March 7, 2013