UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD L. QUINN, JR.,

    **Plaintiff,**

v.

    Civil Action 2:11-cv-268
    Judge James L. Graham
    Magistrate Judge Elizabeth P. Deavers

ROBIN KNAB, WARDEN, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Richard L. Quinn, Jr., who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, alleging that Defendants impeded his ability to exercise his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, and the Equal Protection Clause of the United States Constitution. Plaintiff was incarcerated at the Chillicothe Correctional Institution ("CCI") when he commenced this action. The Ohio Department of Rehabilitation and Correction Prison, however, released Plaintiff from prison on March 24, 2013. (ECF No. 54-1.) As explained below, Plaintiff's intervening release renders his claims for injunctive relief moot. Accordingly, it is **RECOMMENDED** that the Court *sua sponte* **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claims for injunctive relief.

In addition, the docket reflects that Plaintiff has failed to comply with his affirmative duty to provide the Court with a valid address and to notify the Court of any change in address.

*See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Accordingly, if Plaintiff intends to proceed with this action, he is **DIRECTED** to supply with Court with an updated address **WITHIN SEVEN (7) DAYS**. Plaintiff is specifically cautioned that failure to comply with this Order will result in dismissal of this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.

Plaintiff's claims arise from Defendants' denial of his requests for a religious accommodation. In his Complaint and Amended Complaint, Plaintiff asserts claims under RLUIPA and § 1983 for retaliation, violation of his equal protection rights, and violation of his right to exercise his religion. He seeks injunctive relief as well as compensatory and nominal damages. On July 27, 2012, the Court adopted the June 28, 2012 Report and Recommendation, granting Defendants judgment on Plaintiff's equal protection and retaliation claims and dismissing Defendant Free from this action. (ECF No. 42.) The Court permitted Plaintiff to proceed with his RLUIPA and First Amendment free exercise of religion claims. (*Id*.) On May 3, 2013, Defendants their Motion for Summary Judgment. (ECF No. 54.) Within their Motion, Defendants offer evidence demonstrating that Plaintiff was released from prison on March 24,

2013. (ECF No. 54-1.)

## II.

The Court properly raises the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . ." (internal quotations marks and citations omitted)); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review *sua sponte*.").

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Article III's case-or-controversy requirement subsists throughout all stages of the litigation. *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed."). The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore *et al.*, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations

omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931 (citation omitted). This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

### III.

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiff's injunctive relief claims are moot. Given that Plaintiff has been released, an entry of equitable relief would accomplish nothing. This Court does not have jurisdiction to accord Plaintiff with prospective relief that has no effect or impact on Defendants. In addition, because Plaintiff has no reasonable expectation that he will again be incarcerated at CCI, the capable-of-repetition exception to the mootness doctrine does not apply. Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's claims for injunctive relief without prejudice as moot. This includes dismissal of Plaintiff's RLUIPA claim given that he may only obtain injunctive relief with regard to this claim. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[M]onetary damages are not available under RLUIPA."); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (holding that the plaintiff's attempt to seek damages against the defendant in his personal capacity "cannot be based on [RLUIPA] because the Act does not create a cause of action against state employees in their personal capacity").

### IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court *sua sponte* **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claims for injunctive relief, including his RLUIPA claim. Further, if Plaintiff intends to proceed with this action, he is **DIRECTED** to supply with Court with an updated address. Plaintiff is specifically cautioned that failure to comply with this Order will result in dismissal of this action with prejudice for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 12, 2013                              /s/ *Elizabeth A. Preston Deavers*
                                                         Elizabeth A. Preston Deavers
                                                         United States Magistrate Judge